UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEOTA FAITH COBB,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 3:16-CV-05112-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 4.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in evaluating the opinions of two of Plaintiff's examining psychologists and one non-examining psychological consultant. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL AND FACTUAL HISTORY

On February 19, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB"). *See* Dkt. 9, Administrative Record ("AR") 16. The following day, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI"). *Id*. Plaintiff alleges she became disabled on December 1, 2008 due to depression, anxiety, hearing problems, and other physical and mental conditions. *See* AR 261, 275. Plaintiff's applications for DIB and SSI were denied upon initial administrative review on May 22, 2013, and on reconsideration on August 21, 2013. *See* AR 68-69, 98-99. A hearing was held before an administrative law judge ("ALJ") on June 5, 2014, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 37. At the hearing, Plaintiff amended her disability onset date to December 1, 2012. *See* AR 40.

On August 21, 2014, the ALJ found Plaintiff was not disabled within the meaning of Sections 223(d), 216(i), and 1614(a)(3)(A) of the Social Security Act. AR 30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 21, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On February 12, 2016, Plaintiff filed a Complaint seeking judicial review of the Commissioner's final decision. Dkt. 1.

Plaintiff asks this Court to reverse and remand the Commissioner's decision for an immediate award of benefits, or, in the alternative, for further proceedings, because the ALJ: (1) improperly evaluated the mental health evidence; (2) improperly assessed the Plaintiff's residual functional capacity ("RFC"); and (3) erred in finding Plaintiff capable of other work at Step Five of the sequential analysis. Dkt. 11, pp. 7-14.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

**DISCUSSION**

I.   Whether the ALJ Properly Evaluated the Medical Opinion Evidence

   A.   Standard

The ALJ has the responsibility to determine credibility and resolve ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 942 (9th Cir. 1982). Determining whether or not inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an

examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B. Application of Standard

The ALJ assigned Plaintiff the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following additional limitations: she can understand, remember, and carry out simple, routine tasks; she should not work with the general public; she can have occasional, superficial contact with coworkers; and she needs a routine and predictable work environment with few changes. AR 21.[1] Plaintiff argues this RFC fails to account for more restrictive limitations opined to by Dr. Mark Duris and Dr. Aaron Burdge.

#### 1. *Mark Duris, Ph.D.*

---

[1] The ALJ also assigned Plaintiff other functional limitations arising out of her physical impairments (e.g., she can frequently climb ramps and stairs). AR 21. However, as Plaintiff has only alleged errors associated with her mental impairments in this appeal, the Court need not discuss the ALJ's additional physical limitations in detail.

Dr. Duris examined Plaintiff on October 23, 2012. AR 634. Plaintiff reported a history of bipolar depression and anxiety as well as a history of learning difficulties, but indicated she is otherwise able to maintain all of her activities of daily living, and her mood symptoms were "largely controlled with medication she is taking." AR 631-32. During her clinical interview, Plaintiff also reported "panic like symptoms" which were sometimes situational, such as shopping in large stores (e.g., Walmart). AR 632. Plaintiff indicated she could only be in such situations if her husband or one of her children were present; however, she also reported she had applied to Walmart and other businesses for employment. AR 632. Dr. Duris also noted Plaintiff was engaged in some "negative impression management," but found this was generally true of those requesting services, and, in any event, Dr. Duris believed her reported symptoms were consistent with her presentation during the appointment. AR 632. On mental status examination, Plaintiff demonstrated euthymic mood, normal affect, and was otherwise within normal limits on all other measures. AR 634-35.

Dr. Duris diagnosed Plaintiff with Bipolar II Disorder, Panic Disorder with Agoraphobia, and Social Anxiety Disorder. AR 633. As a result of these conditions, Dr. Duris opined Plaintiff would have moderate limitations in her ability to: understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; make simple work-related decisions; communicate and perform effectively in a work setting; complete a normal workday and work week without interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting. AR 634.

The ALJ gave some weight to Dr. Duris' opinion, as "it was based on an in-person examination, and the opinion is consistent with the objective clinical findings such as a largely

normal mental status examination." AR 24. The ALJ also noted "Dr. Duris did not even think the claimant would be this limited for twelve continuous months. She was already reporting improvement in her mood with medications." AR 24. However, the ALJ gave no weight to Dr. Duris' diagnosis of agoraphobia for the following reason: "it is inconsistent with the reports in the record such as that she had applied for jobs and that she enjoyed walking her dogs." AR 24. Significantly, however, the ALJ noted "the moderate limitations opined by [Dr. Duris] do not create greater limitations than those reflected in the claimant's residual functional capacity. AR 24. Plaintiff argues the ALJ erred by failing to accurately characterize Dr. Doris's opinion, and thus giving it less weight than the opinion of non-examining psychiatrist, Dr. Clifford Eather.

When an ALJ incorporates all of a physician's opined limitations into a residual functional capacity finding, there is no harmful error. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (finding the ALJ correctly determined a treating physicians' report did not assign "any specific limitations on the claimant," but otherwise incorporated in the RFC what clinical observations the treating physician actually made). *See also Meanel v. Apfel,* 172 F.3d 1111, 1113-14 (9th Cir. 2000). Here, Dr. Duris found Plaintiff had moderate limitations in her ability to follow detailed instructions, perform activities within a schedule, make simple work-related decisions, maintain appropriate behavior, communicate, and perform effectively in a work setting, and complete a normal workday and workweek without interruption from her psychologically based symptoms. AR 634. To that end, the ALJ restricted Plaintiff to simple, routine tasks; no work with the general public and occasional, superficial contact with coworkers; and a "routine and predictable work environment with few changes." AR 21.

By restricting Plaintiff to simple, routine tasks and a routine and predictable work environment, the ALJ accounted for Dr. Duris' opinion Plaintiff would have moderate

ORDER ON PLAINTIFF'S COMPLAINT - 6

1  limitations in following detailed instructions, making simple, work related decisions, and in
2  completing a workday and workweek without interruption from psychologically based
3  symptoms.  *See Moss v. Colvin*, 2014 WL 4720546, at *12 (W.D. Wash. 2014) (finding an ALJ
4  accounted for the opinion of a non-examining psychologist that a claimant was able to perform
5  simple repetitive work but may need additional time to perform tasks due to obsessive thoughts,
6  in part, by including a limitation "to a routine and predictable work environment" in the RFC).
7  *See also Hansen v. Astrue*, 2011 WL 269402, at *5 (W.D. Wash. 2011) (ALJ properly accounted
8  for similar moderate limitations by restricting claimant to simple 1-2-3 step work and no public
9  interaction). Further, the ALJ's restrictions against work with the general public, and no more
10 than occasional, superficial contact with coworkers, accounts for Dr. Duris' opined moderate
11 limitations in Plaintiff's ability to maintain appropriate behavior, communicate, and perform
12 effectively in a work setting. *See Hansen*, 2011 WL 269402, at *5. The ALJ's RFC finding
13 accounts for, and is consistent with, Dr. Duris' opined limitations; thus, there is no harmful error
14 in the ALJ's evaluation of Dr. Duris' opinion for the Court to address. *See* Social Security Ruling
15 ("SSR") 96-8p, *available at* 1996 WL 374184, at *7 ("*If the RFC assessment conflicts with an
16 opinion from a medical source*, the adjudicator must explain why the opinion was not adopted")
17 (emphasis added). *See also Sample,* 694 F.2d at 642 ("Where evidence is susceptible of more
18 than one rational interpretation, it is the ALJ's conclusion which must be upheld.");
19         Even if the ALJ had not accounted for Dr. Duris' opined limitations in the RFC,
20 Plaintiff's arguments as to why the ALJ erred in giving less than full weight to Dr. Duris'
21 opinion are not persuasive. First, Plaintiff argues the ALJ misrepresented Dr. Duris' opinion by
22 suggesting Plaintiff's "mood symptoms were largely controlled with her medication." AR 24.
23 Plaintiff argues Dr. Duris' notes only reflect Plaintiff's medications "help with her symptoms
24

associated with [Bipolar depression and anxiety]," not that her symptoms are controlled by medication. AR 631. However, the language used by the ALJ is taken, practically verbatim, from a different section of Dr. Duris' opinion. *See* AR 632 ("[Plaintiff's mood] symptoms are now reported to be largely controlled with medication [Plaintiff] is taking."). The ALJ's discussion of the effects of Plaintiff's medication on her mood symptoms is an accurate statement of Dr. Duris' opinion.

Second, Plaintiff argues the ALJ ignored part of Dr. Duris' conclusion Plaintiff's impairments would not be expected to last more than four months, as Dr. Duris qualified his opinion with the caveat Plaintiff would need to start Cognitive Behavioral Therapy and obtain additional medication management. AR 634. However, the ALJ did, in fact, note Dr. Duris opined Plaintiff's impairments would only persist for four months "with treatment." AR 24. The ALJ also noted Plaintiff was already obtaining benefits from her medications at the time of Dr. Duris' evaluation. AR 24. It was not improper for the ALJ to consider Plaintiff's responsiveness to treatment in evaluating the weight to give Dr. Duris' opinion. *See Pruitt v. Comm'r of Soc. Sec.*, 612 Fed.Appx. 891, 893 (9th Cir. 2015) (treatment notes indicating claimant's stress-related symptoms improved with treatment supported ALJ's conclusion claimant could perform sedentary work). *Cf. De Herrera v. Astrue*, 372 Fed.Appx. 771, 772 (9th Cir. 2010) (ALJ properly found nurse practitioner's opinion was undermined by the fact claimant's condition improved with treatment).  Moreover, as discussed above, the ALJ actually incorporated Dr. Duris' opined limitations—regardless of the duration requirement—into the RFC. Thus, Plaintiff has failed to demonstrate how any alleged error in the ALJ's consideration of the duration of Plaintiff's impairments was harmful.

Third, Plaintiff argues the ALJ discounted Dr. Duris' opinion because the ALJ improperly found Plaintiff's applications for work "inconsistent with disability." Dkt. 11, p. 9. Despite noting Plaintiff was applying for jobs, thus indicating Plaintiff believed she was capable of work, Dr. Duris stated "given [Plaintiff's] anxiety level it is unlikely that she would be able to sustain her employment." AR 632. However, Dr. Duris' "statements must be read in the context of the overall diagnostic picture he draws." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Here, Dr. Duris expressed doubt Plaintiff would be able to sustain employment in light of her anxiety. AR 632. However, Dr. Duris also opined to no more than moderate functional limitations, documented a largely normal mental status examination, indicated Plaintiff was engaging in some negative impression management, and, in any event, Dr. Duris opined Plaintiff's impairments would not be expected to last more than four months with available treatment. AR 633-35. The ALJ was allowed to accept the moderate limitations opined to in Dr. Duris' functional assessment over a less specific finding in a different section of the opinion. *Cf. Rogers v. Comm'r of Soc. Sec. Admin.*, 490 Fed.Appx. 15, 17-18 (9th Cir. 2012); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 174 (9th Cir. 2008) (ALJ was entitled to translate medical opinion into more concrete limitations opined to by different medical source). Further, the ALJ cited Plaintiff's applications for work, along with other evidence in the record indicating Plaintiff took her dogs out for walks, to discount Dr. Duris' finding Plaintiff had agoraphobia. AR 24, 618. *See also* AR 252. [2] The ALJ's interpretation of Dr. Duris' opinion is rational, and the ALJ did not err in assigning Plaintiff limitations consistent with the moderate limitations opined to by Dr. Duris. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is

---

[2] Plaintiff does not address this aspect of the ALJ's decision, nor does Plaintiff discuss the ALJ's conclusion that Plaintiff's activities of daily living were inconsistent with agoraphobia.

susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").[3]

Because the ALJ incorporated Dr. Duris' opined limitations into the RFC, and otherwise gave Dr. Duris' opinion less than full weight for specific and legitimate reasons supported by substantial evidence, the ALJ did not err.

### 2. *Aaron Burdge, Ph.D.*

Dr. Burdge examined Plaintiff on December 12, 2012. AR 505. On mental status examination, Plaintiff presented with dysphoric, angry and anxious mood, and a congruent and tearful affect. AR 509. Plaintiff also exhibited impaired memory and fund of knowledge, but was otherwise within normal limits. AR 509-10. Plaintiff also underwent a series of clinical batteries, including the HAM-D, HAM-A, and PAI, which documented severe depression and anxiety. AR 506. However, in reviewing Plaintiff's results, Dr. Burdge also noted Plaintiff was engaging in negative impression management, and "it is possible that the clinical scales may overrepresent or exaggerate the actual degree of psychopathy." AR 506, 516. Dr. Burdge ultimately diagnosed Plaintiff with bipolar II disorder, generalized anxiety disorder (with PTSD, social and OCD like features), panic disorder with agoraphobia, and borderline personality disorder. AR 507. As a result of these conditions, Dr. Burdge opined Plaintiff would have marked limitations in her ability to: perform activities within a schedule, maintain regular attendance, and be punctual

---

[3] The Court notes an opinion by a physician that a claimant's "likelihood of sustained full time competitive employment [is] unlikely" is not a conclusion reserved to the Commissioner under 20 C.F.R. § 404.1527(d)(1). *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). However, *Hill* is distinguishable. In *Hill*, the ALJ failed to discuss a physician's opinion at all in the written decision, and the only conclusion offered by the physician was that it was "unlikely" the claimant could sustain full time competitive employment. Here, the ALJ thoroughly discussed Dr. Duris' opinion, accounted for the moderate limitations opined to by Dr. Duris, and otherwise offered specific and legitimate reasons for giving parts of Dr. Duris' opinion less than full weight.

within customary tolerances without special supervision; communicate and perform effectively in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 507-08. Dr. Burdge also opined Plaintiff would have moderate impairments in her ability to: understand, remember, and persist in tasks by following very short and simple instructions; understand, remember, and persist in tasks by following detailed instructions; perform routine tasks without special supervision; adapt to changes in a routine work setting; be aware of normal hazards and take appropriate precautions; and maintain appropriate behavior in a work setting. AR 507-08.

The ALJ gave little weight to Dr. Burdge's opinion for the following seven reasons:

> [1] It is inconsistent with his own findings upon exam, such as that the claimant was attentive and her concentration was intact, and she reported largely intact daily activities. [2] It is further inconsistent with the fact she told Dr. Burge [sic] she was presently working—for three weeks. [3] No consideration is given to the diagnosis of agoraphobia, because the claimant told him she regularly asks her husband to take her places she needs to go, and she was clearly able to leave the past few weeks to work. [4] The claimant's contemporaneous records with her providers do not reflect the severity she reported to Dr. Burdge ([AR 555]), suggesting she was exaggerating her symptoms to Dr. Burdge. In fact, [5] some of Dr. Burdge's own testing suggested the claimant may not have always answered in a completely forthright manner, and results raised the possibility of some exaggeration of complaints/problems. ([AR 516]). The claimant's mental status and ability to perform daily activities was intact two months earlier with Dr. Duris. [7] It is noted that "features" of a disorder, such as OCD, is not a diagnosis.

AR 24-25 (numbering added). Plaintiff argues the ALJ erred by affording no weight to Dr. Burdge's opinion. The Court disagrees.

Though Plaintiff argues the ALJ erred in evaluating Dr. Burdge's opinion, Plaintiff does not challenge any of the *reasons* the ALJ offered for giving Dr. Burdge's opinion little weight. *See* Dkt. 11, pp.7-8. Therefore, Plaintiff has waived any challenge to the ALJ's reasoning. *See* Dkt. 10, p.2 ("Subsequent sections of the opening brief *must* fully explain each issue raised in the assignments of error and *must* include citations to the specific pages of the administrative record

1   and the relevant legal authority that support each argument and request for relief.") (emphasis
2   added). *See also Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006), *Bisuano v. Colvin*, 584
3   Fed.Appx. 512, 514 (9th Cir. 2014).

4       Even if Plaintiff had not waived the arguments, the ALJ provided specific and legitimate
5   reasons, supported by substantial evidence, for discounting Dr. Burdge's opinion. For example,
6   the ALJ noted inconsistencies between Dr. Burdge's opinion and his clinical findings, as well as
7   Plaintiff's self-reports. AR 24, 505, 509-10. The ALJ could reasonably interpret Plaintiff's
8   performance on mental status examination as inconsistent with Dr. Burdge's opined limitations.
9   *See Morgan*, 169 F.3d at 601-02; *Tommasetti*, 533 F.3d at 1038. Also, the ALJ properly noted
10  Dr. Burdge's opinion concerning the severity of Plaintiff's anxiety and agoraphobia is
11  inconsistent with the level of activity Plaintiff has engaged in, such as working for three weeks at
12  the time of the examination. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Thus,
13  the ALJ did not err by giving less than full weight to Dr. Burdge's opinions.

14                                3. *Bruce Eather, Ph.D.*

15      Dr. Eather, a state agency medical consultant, reviewed Plaintiff's medical records and
16  rendered an opinion as to Plaintiff's functional limitations on August 15, 2013. AR 114, 126.
17  After reviewing the medical evidence of record, Dr. Eather found Plaintiff was moderately
18  limited in her ability to: maintain attention and concentration for extended periods; work in
19  coordination with or in proximity to others without being distracted by them; interact
20  appropriately with the general public; and respond appropriately to changes in the work setting.
21  AR 111. However, Dr. Eather did not find Plaintiff to be significantly limited in any other
22  functional areas. AR 110-12. Dr. Eather concluded Plaintiff's concentration, persistence, and
23  pace was "diminished at times by depression and anxiety. However, claimant retains the ability
24

to maintain attention/concentration sufficient to complete routine tasks over a normal 8-hour workday with customary breaks." AR 111. Dr. Eather also concluded Plaintiff was "[n]ot well suited to work with the general public or closely with coworkers. However, [she is] able to interact appropriately with others in work setting for brief periods of time." AR 111.

The ALJ gave Dr. Eather's opinion significant weight for the following four reasons:

> [1] It was based on a review of all of the claimant's medical records available at the time for a comprehensive opinion of functioning. [2] Further, the opinion as to the claimant's abilities was supported with references to the objective medical evidence of record such as findings upon mental status that included being restless/antsy, cooperative and friendly, no evidence of psychosis/delusions, and rapid speech. [3] It is consistent with the evidence that shows the claimant's symptoms are improved with medication. [4] She is also able to engage in a range of activities to care for herself and her family. At most the claimant has moderate difficulties with social functioning and moderate difficulty maintaining concentration, persistence, or pace.

AR 26 (numbering added). Plaintiff argues the ALJ erred by giving more weight to Dr. Eather's opinion than to the examining psychologists in the record.

As with Dr. Burdge, Plaintiff does not address the ALJ's reasons for giving Dr. Eather's opinion significant weight. Instead, Plaintiff argues the ALJ should not have given more weight to Dr. Eather's opinion because he was a non-examining psychologist, without providing "clear and specific reasons." Dkt. 11, p. 8. Further, Plaintiff argues Dr. Eather's opinion did not contain a "clear and convincing rationale" explaining why his restrictions were less severe than those imposed by the examining doctors. Dkt. 11, p. 8. This is not the law. An ALJ may give more weight to a non-examining, consulting medical advisor over an examining physician if the ALJ provides "specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen*, 100 F.3d at 1466. *See also Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006) (holding the conflicting check-box opinion of a non-examining physician meant the ALJ was only required to offer specific, legitimate reasons to discount the opinion of an examining

physician). Further, a nonexamining physician's opinion constitutes substantial evidence if it is consistent with other evidence in the record. *Lester*, 81 F.3d at 830-31; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, the ALJ offered several reasons for giving Dr. Eather's opinion significant weight, including the fact Dr. Eather conducted a review of the medical evidence of record, and his opinion was consistent with other mental health records and mental status examinations. AR 26, 100-14. The ALJ's analysis of Dr. Eather's opinion was proper, and the ALJ was entitled to give Dr. Eather's opinion significant weight. *See Sample*, 694 F.2d at 942.

    II.    <u>Whether the ALJ Erred in Evaluating Plaintiff's Residual Functional Capacity, and Whether Plaintiff Could Perform Jobs Existing in Significant Numbers in the National Economy at Step Five</u>

Plaintiff argues that the ALJ's RFC determination is flawed as it did not include all of the limitations associated with Plaintiff's severe impairments. Plaintiff also argues this necessarily means the ALJ's findings at Step Five were erroneous, as the hypotheticals propounded to the vocational expert were based on a flawed RFC. However, as discussed in Section I, above, the ALJ properly weighed the medical opinion evidence. Further, Plaintiff does not challenge the ALJ's adverse evaluation of Plaintiff's subjective symptom testimony. As the ALJ properly resolved the medical opinion evidence and Plaintiff's testimony, there was no error in the ALJ's assessed RFC, as it included all of Plaintiff's credible limitations, nor was there any error at Step Five.[4]

---

[4] Plaintiff suggests—in her argument as to the ALJ's error in step five—the ALJ should have incorporated limitations opined to by Dr. Christmas Covell, Ph.D. in Plaintiff's Step Five argument. However, as with Dr. Burdge and Dr. Eather, Plaintiff does not discuss the ALJ's reasons for giving Dr. Covell's opinion less than full weight, or otherwise even challenge the ALJ's rejection of Dr. Covell's opinion. Thus, Plaintiff has waived any argument as to Dr. Covell. *See Greger*, 464 F.3d at 973; *Bisuano*, 584 Fed.Appx. at 514.

ORDER ON PLAINTIFF'S COMPLAINT - 14

## **CONCLUSION**

Based on the above stated reasons and the relevant record, the undersigned finds the ALJ properly concluded Plaintiff was not disabled. Therefore, the Court orders this matter be affirmed pursuant to sentence four of 42 U.S.C. § 405(g). Judgment should be for Defendant and the case should be closed.

Dated this 15th day of July, 2016.

David W. Christel
United States Magistrate Judge